IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MARTHA CALHOUN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 09-0601-KD-N |
| | ) | |
| NATIONAL CREDIT UNION | ) | |
| ASSOCIATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

REPORT AND RECOMMENDATION

This matter is before the court on defendant National Credit Union Association ("NCUA") to Dismiss (doc. 10) the action for defects in process and service of process. Defendant notes that it is a federal agency and must be served pursuant to the provisions applicable to such agencies. This motion has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. §636 and Local Rule 72.2. It is Recommended that the motion be DENIED as premature.

In Response (docs. 16, 17) to the Motion to Dismiss, plaintiff notes that the 120-day period for service of process has not yet run. Further, plaintiff also caused corrected summonses to be issued and served upon defendant National Credit Union Association, the U.S. Attorney for this district and the U.S. Attorney General, though to date returns have only been filed for NCUA. (Docs 15, 18)[1]  Defendant's Motion is thus premature, and is due to be DENIED,

---

[1] Even had the deadline passed, district courts have the discretion to extend the deadline, even in the absence of a showing of good cause. Horenkamp v. Van Winkle and Co., Inc., 402 F.3d 1129 (11th Cir. 2009)(noting that Hunt v. Dept of Air Force, 29 F.3d 583 (11th Cir. 1994)–which is cited by defendant in its Motion to Dismiss–had been superceded by the 1993 amendments to Fed.R.Civ.P. 4, and finding that court has such discretion under amended rule).

particularly as dismissal would effectively prevent plaintiff from bringing her action due to the period of limitation.

Accordingly, it is RECOMMENDED that defendant's Motion to Dismiss is DENIED, subject to the right of any defendant to challenge process and/or service of process at the appropriate time.

The attached sheet contains important information regarding objections to the Report and Recommendation.

DONE this the 3rd day of December, 2009.

/s/ Katherine P. Nelson
UNITED STATES MAGISTRATE JUDGE

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. **Objection**. Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc). The procedure for challenging the
findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten [now fourteen] days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.